Filed 7/30/25  P. v. Patridge CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B342120 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA109099) |
| v. | |
| TERRANCE K. PATRIDGE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

————————————————

## MEMORANDUM OPINION[1]

Defendant Terrance K. Patridge appeals from an order following an evidentiary hearing denying his petition for resentencing under Penal Code section 1172.6.[2] His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no issues. Patridge thereafter filed a supplemental brief asserting, in essence, that substantial evidence did not support the superior court's factual findings in denying him resentencing. For the reasons explained below, we affirm the court's order.

On July 18, 1995, Patridge and Kevin Thomas attempted to rob off-duty Los Angeles County deputy sheriff Antranik Gevjehizian. During the robbery attempt, Thomas shot Gevjehizian, who later died from the wound. About two hours later, Patridge carjacked and robbed Eric Chong Kim. Patridge confessed his involvement in the attempted robbery and resulting murder of Gevjehizian, and his confession was consistent with information gathered from witnesses. Kim positively identified Patridge as the person that carjacked and robbed him.

Patridge was charged with and convicted of Gevjehizian's murder and the carjacking and robbery of Kim, with armed principal allegations found true as to all counts. After a direct appeal, we affirmed his conviction but remanded for the trial court to correct an error in the abstract of judgment. (*People v. Patridge* (Feb. 24, 1999, B117262) [nonpub. opn.].)

---

[1] See California Standards of Judicial Administration, section 8.1(1).

[2] Unspecified statutory references are to the Penal Code.

On January 25, 2019, Patridge filed a petition for resentencing pursuant to section 1172.6.[3] The court appointed counsel for Patridge, found he had established a prima facie case for relief, and ordered an evidentiary hearing. On November 8, 2024, the court held the evidentiary hearing. The court received into evidence the transcripts and records from two of Patridge's trials: the case involving Gevjehizian and Kim, and another case involving separate burglaries, home invasion robberies, and sex crimes that Patridge committed with Thomas. Neither Patridge nor any other witness testified. After hearing arguments from counsel, the superior court found beyond a reasonable doubt that Patridge was a major participant in the felony underlying the murder and had acted with reckless indifference to human life, meaning he remained guilty of murder under current law. (§ 189, subds. (a), (e)(3).) The court accordingly denied the petition.

Patridge now appeals the denial of his section 1172.6 petition. His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error. (See *People v. Delgadillo, supra*, 14 Cal.5th 216.) In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise

---

[3] At the time Patridge filed his petition, section 1172.6 was codified as section 1170.95. Thereafter, the Legislature renumbered the statute as section 1172.6 with no change in text, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For ease of reference, we use the current citation throughout.

recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.) Patridge's counsel complied with his obligations under *Delgadillo*, and we received a supplemental brief from Patridge on June 20, 2025.

Patridge's supplemental brief denies that he acted with reckless indifference to human life, and advances several factual propositions in support of his claim. Patridge's supplemental brief fails to include any citations to the record and sets forth his own contentions about what occurred without including or reckoning with the contrary facts on which the court relied to reach its conclusions. (See Cal. Rules of Court, rule 8.204(a)(2)(C).) Patridge's failure to support his claims with necessary citations to the record, and to provide a summary of all relevant facts and not just those favorable to him, constitutes a waiver of his assertions. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Regardless, we have exercised our discretion (as Patridge's counsel has requested) to independently review the record to determine if substantial evidence supports the superior court's factual findings.[4] When reviewing for sufficient evidence, we view the evidence in the light most favorable to the prosecution and assess whether any rational trier of fact could have found

---

[4] We decline to exercise our discretion to review the record for any purpose other than this substantial evidence determination.

4

Patridge was a major participant in the attempted robbery and acted with reckless indifference to human life. (*People v. Hoyt* (2020) 8 Cal.5th 892, 949-950.) Evidence is substantial when it is reasonable in nature, credible, and of solid value. (*Id.* at p. 950.)

Having examined the record, we are satisfied substantial evidence supports the court's conclusion that Patridge was a major participant in the robbery. Patridge does not deny that he was a major participant in the attempted robbery, and the evidence confirms he was a co-equal participant with Thomas. Patridge was heavily involved in planning as well as executing the attempted armed robbery of Gevjehizian. As for reckless indifference to human life, Patridge was involved in and separately convicted of a robbery he committed with Thomas less than one month before Gevjehizian's murder in which Thomas held a gun to the victim's head. On the night in question, Patridge initially possessed the gun ultimately used to shoot Gevjehizian and knew it was loaded. Shortly before the attempted robbery, Thomas took the gun from Patridge. Patridge permitted Thomas to handle the loaded gun despite knowing that Thomas had held a gun to a victim's head in a prior robbery. Patridge's reckless indifference to human life was not limited to supplying Thomas with the murder weapon despite knowing Thomas's history; it continued after Gevjehizian was shot in the abdomen. Rather than render or summon aid, Patridge (as well as Thomas) left Gevjehizian to die, and Patridge took back the murder weapon and used it to carjack and rob another victim that same evening.

## DISPOSITION

The order denying resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

6